Citation Nr: 1554521 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 10-28 993 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for bilateral foot/toe disabilities (originally claimed as bilateral toe replacement), to include as secondary to left nephrectomy with scar and hypertension. 

2. Entitlement to an increased rating in excess of 30 percent for service-connected left nephrectomy with scar.

3. Entitlement to service connection for a right hip replacement, to include as secondary to a left nephrectomy with scar and/or hypertension. 

4. Entitlement to service connection for a left hip replacement, to include as secondary to a left nephrectomy with scar and/or hypertension.

5. Entitlement to service connection for a right shoulder replacement, to include as secondary to a left nephrectomy with scar and/or hypertension.

6. Entitlement to service connection for a left shoulder replacement, to include as secondary to a left nephrectomy with scar and/or hypertension. 
7. Entitlement to service connection for a left knee replacement, to include as secondary to left nephrectomy with scar and/or hypertension.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Carole Kammel, Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from August 1955 to August 1957. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from rating decisions issued in July 2009 and January 2010 by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In October 2010, the Veteran and his spouse testified before a Decision Review Officer (DRO) during a hearing at the above RO. A transcript of the hearing has been associated with the record.

In an October 2013 decision, the Board, in part, denied issues three (3) through seven (7) listed on the title page of this decision. The Veteran appealed the Board's denial of the claims in its October 2013 decision to the United States Court of Appeals for Veterans Claims (Court). In an October 2014 Order, the Court granted a Joint Motion of the Parties for Remand (JMR) that vacated the Board's October 2013 decision with respect to issues three (3) through seven (7) listed on the title page of this decision and remanded these matters back to the Board for development consistent with the JMR. 

These matters were most recently before the Board in April 2015. In April 2015, the Board remanded the issues on appeal to obtain outstanding Social Security Administration (SSA) records and to schedule the Veteran for a VA examination with an opinion in conjunction with his claims for service connection for right hip and bilateral shoulder disabilities, to include as secondary to a left nephrectomy. The requested development has been accomplished and these matters have returned to the Board for further appellate consideration.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regrettably, another remand is necessary in order to afford the Veteran's representative, Texas Veterans Commission (TVC), an opportunity to submit a written argument in support of the appeal. The record does not contain a VA Form 646 or any other indication that the electronic record was reviewed by TVC prior to the Veteran's appeal being recertified to the Board in December 2015. The VA Manual indicates that a Form 646 is not required for remanded appeals when new evidence is not submitted or the appeal was remanded by the Board solely for the assembly of medical records. See VA Adjudication Manual M21-1 MR, Part I, Chapter 5, Section F, § 28(c) (December 9, 2004). 

In this case, however, a VA Form 646 is required because additional evidence consisting of a response from SSA indicating that records of the Veteran had been destroyed and, thus, were no longer available. In addition, a July 2015 VA examination with an opinion was also added to the record and contains evidence as to the etiology of the Veteran's right hip and bilateral shoulder disabilities. Thus, the Board's April 2015 remand instructions were not limited to the procurement of medical records. Furthermore, the RO reconsidered the additional evidence in an October 2015 Supplemental Statement of the Case. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Contact the Veteran's representative, Texas Veterans Commission, in order to obtain a VA Form 646 or other written argument in support of the Veteran's appeal. If the representative cannot be contacted, the Veteran should be so notified by letter and given the opportunity to appoint another representative to ensure that his due process rights are protected.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 
These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).